Thomas C. Seabaugh, Esq., SBN 272458
THE LAW OFFICE OF THOMAS C. SEABAUGH
333 South Grand Avenue, 42nd Floor
Los Angeles, California 90071
Telephone: (213) 225-5850
Email: tseabaugh@seabaughfirm.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CAUTHEN LEWIS,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; and DOES 1-10,<br><br>       Defendants. | Case No.: 21-10014<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Unreasonable Seizure of Person (42 U.S.C. § 1983)<br>2. Fourth Amendment—Unreasonable Search (42 U.S.C. § 1983)<br>3. False Arrest Without Warrant (California Law)<br>4. Trespass (California Law)<br>5. Negligence (California Law)<br>6. California Civil Code §51.7 (California Law)<br>7. California Civil Code §52.1 (California Law)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiff CAUTHEN LEWIS ("Plaintiff"), for his complaint against the CITY OF LOS ANGELES (the "City"), and Does 1-10 (all together, "Defendants"), alleges as follows:

## INTRODUCTION

1. This civil rights and state law action against the City of Los Angeles and a number of its police officers arises from an apparent case of mistaken identity and racial profiling.

2. Plaintiff Cauthen Lewis, who was entirely innocent, was ordered out of his apartment, detained at gunpoint, and handcuffed by the defendant Los Angeles police officers. Without a warrant or any exigent circumstances that would justify it, officers then entered Mr. Lewis's residence and searched it. The officers subsequently acknowledged that Mr. Lewis was not the person they were looking for.

3. The constitutional rights at issue in this case have been described as "of the very essence of constitutional liberty" by the Supreme Court. *See Gouled v. United States,* 255 U. S. 298, 304 (1921). The Fourth Amendment safeguards the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," rights guaranteed also by the California Constitution. *See* California Const., I, § 13 ("The right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated…").

4. As an innocent person who the officers had no plausible reason to suspect of any crime, Mr. Lewis alleges that the officers violated his Fourth Amendment right to be free from unreasonable seizures and parallel rights under California law when they handcuffed and detained him at gunpoint. In addition, the warrantless entry and search of his residence violated his Fourth Amendment right

against unreasonable searches together with parallel rights under California law. Mr. Lewis, who is black, alleges that race and racial profiling were factors in the conduct of the officers, compounding these violations of his fundamental rights.

5. As a civil rights action that seeks to vindicate the fundamental democratic and constitutional rights to be free from unlawful searches and seizures and redress the violation of these rights by law enforcement, this lawsuit is in the public interest.

## PARTIES

6. Plaintiff resides in the City of Los Angeles in the State of California. The circumstances and events giving rise to this action occurred in the City of Los Angeles.

7. Plaintiff sues in his individual capacity for violations of his own rights and harm that he suffered personally.

8. At all relevant times, Defendants Does 1-10 were agents or employees of the City of Los Angeles or the Los Angeles Police Department ("LAPD"). At all relevant times, they were acting under color of law within the course and scope of their duties with respect to their employer. Alternatively, to the extent that the City of Los Angeles did not directly employ Does 1-10, those defendants were acting as agents of the City of Los Angeles at all relevant times and subject the direction and control of the City of Los Angeles. These defendants proximately caused Plaintiff's damages by engaging in, integrally participating in, or failing to intervene in the conduct of which Plaintiff complains, and/or by engaging in other acts or omissions described below.

9. Defendant City of Los Angeles is responsible for Plaintiff's injuries by virtue of statutory indemnity and vicarious liability. At all relevant times, Defendant City of Los Angeles was a duly organized public entity, existing under the laws of the State of California. Defendant City of Los Angeles is a chartered subdivision of the State of California with the capacity to sue and be sued.

10. Upon information and belief, in doing the acts and failing and omitting to act as hereinafter described, Defendants Does 1-10 were acting on the implied and actual permission and consent of the City of Los Angeles.

11. The true names of Defendants Does 1-10 are unknown to Plaintiff, who therefore sues these defendants by fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

12. Defendants Does 1-10 are directly liable for Plaintiff's injuries under state and federal law and are sued in their individual capacities for damages only.

## JURISDICTION AND VENUE

13. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the City of Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15. The foregoing allegations are incorporated as if re-alleged herein.

16. On May 4, 2021, approximately eight or nine Los Angeles Police Department officers banged violently on Cauthen Lewis's door demanding that he open the door. When he opened the door, a gun was pointed at him and officers demanded that he comply with their instructions.

17.     Pointing a firearm at another person while giving instructions is an implicit death threat and suggests that the person will be killed if that person does not comply. With a presumably-loaded gun pointed at him, Mr. Lewis was terrified that he was going to be killed.

18.     The officers asked Mr. Lewis if he was a person by another name, and he truthfully gave the officers his real name, which did not match the name of the person the officers were apparently looking for. Under the circumstances, Mr. Lewis contends that the officers at this point knew or reasonably should have known that Mr. Lewis was likely not the person they were looking for.

19.     Nevertheless, the officers ordered him at gunpoint to exit his apartment, and he was placed in handcuffs despite having committed no crime and having given the police no reason to suspect him of committing any crime.

20.     Without a search warrant and without any justification, LAPD officers then entered Mr. Lewis's apartment and searched it – a clear violation of both California and federal law.

21.     After searching his residence and finding no evidence whatsoever that would implicate Mr. Lewis in any crime, the officers acknowledged to Mr. Lewis that he was not the person they were looking for. Mr. Lewis was, in fact, completely innocent. However, to justify their conduct, officers blamed the property manager, claiming that they had acted on information received from the property manager. Upon information and belief, the property manager did not provide the information to the officers that the officers claimed he had.

22.     Approximately eight or nine officers participated in the above violations of Mr. Lewis's rights or failed to intervene to prevent those violations. Upon information and belief, two of the officers involved were "Gomez" (Badge No. 44583) and "Burke" (Badge No. 40352).

23.     Mr. Lewis was able to confirm during his interactions with the officers that the person the officers were looking for, like Mr. Lewis, was black. The

fact that race was a factor in the officers' conduct aggravates all of the above violations of Mr. Lewis's rights.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Unreasonable Seizure of Person

### (42 U.S.C. § 1983)

(Against Does 1-10)

24. The foregoing allegations are incorporated as if re-alleged herein.

25. The acts of Does 1-10 deprived Plaintiff of his particular rights under the United States Constitution. Specifically, by engaging in the acts and omissions described above, Defendants Does 1-10 violated Plaintiff's right to be free from unreasonable seizures of his person under the Fourth Amendment to the U.S. Constitution.

26. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

27. Upon information and belief, each of Does 1-10 integrally participated or failed to intervene in the complained-of conduct of the others.

28. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment – Unreasonable Search

### (42 U.S.C. § 1983)

(Against Does 1-10)

29. The foregoing allegations are incorporated as if re-alleged herein.

30. The acts of Does 1-10 deprived Plaintiff of his particular rights under the United States Constitution. Specifically, by engaging in the acts and omissions described above, Defendants Does 1-10 violated Plaintiff's right to be

free from unreasonable searches under the Fourth Amendment to the U.S. Constitution.

31. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

32. Upon information and belief, each of Does 1-10 integrally participated or failed to intervene in the complained-of conduct of the others.

33. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

### False Arrest Without Warrant (California Law)

(Against All Defendants)

34. The foregoing allegations are incorporated as if re-alleged herein.

35. Defendants Does 1-10 detained Mr. Lewis without a warrant and absent circumstances that would justify a warrantless detention or arrest.

36. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

37. Defendant City of Los Angeles is vicariously liable for the wrongful acts of Does 1-10 pursuant to section 8l5.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

38. Plaintiff seeks compensatory damages and punitive damages under this claim.

## FOURTH CLAIM FOR RELIEF

### Trespass (California Law)

(Against All Defendants)

39. The foregoing allegations are incorporated as if re-alleged herein.

40. The warrantless entry into Mr. Lewis's residence by Defendants Does 1-10 constituted trespass under California law.

41. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

42. Defendant City of Los Angeles is vicariously liable for the wrongful acts of Does 1-10 pursuant to section 8l5.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

43. Plaintiff seeks compensatory damages and punitive damages under this claim.

## FIFTH CLAIM FOR RELIEF

### Negligence (California Law)

(Against All Defendants)

44. The foregoing allegations are incorporated as if re-alleged herein.

45. Defendants Does 1-10 had a duty, at a minimum, to conform their conduct to that of reasonably careful and prudent police officers.

46. In committing the above-described acts and omissions, the conduct Defendant Does 1-10 fell below that of reasonably careful and prudent police officers.

47. The conduct of Does 1-10 fell below that standard of care, including in the seizure of Plaintiff and the search of his residence as well as the tactics and decisions leading up to and during this conduct.

48. As a result of the negligence of Does 1-10, Plaintiff was harmed.

49. The conduct of Does 1-10, and each of them, was a substantial factor in causing harm to Plaintiff.

50. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

51. The City of Los Angeles is vicariously liable for the wrongful acts of Defendant and Does 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

52. Plaintiff seeks compensatory damages and punitive damages under this claim.

## SIXTH CLAIM FOR RELIEF

**California Civil Code §51.7 – Ralph Act (California Law)**

(Against All Defendants)

53. The foregoing allegations are incorporated as if re-alleged herein.

54. California Civil Code Section 51.7 (the Ralph Act) prohibits intimidation and threats of violence directed against a person because of that person's race, color, or ancestry, among other categories.

55. Does 1-10, as described above, engaged in acts that constituted intimidation and the implicit threat of violence against Plaintiff, who is black, in a manner constituting a violation of California Civil Code Section 51.7.

56. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of the Plaintiff's rights, entitling Plaintiff to punitive damages.

57. As a result of the conduct of the Does 1-10, Plaintiff was harmed.

58. Defendant City of Los Angeles is vicariously liable for the wrongful acts of the individual pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

59. Plaintiff seeks compensatory damages, civil penalties, punitive damages, and attorney fees under this claim.

## SEVENTH CLAIM FOR RELIEF

### California Civil Code §52.1 – Bane Act (California Law)

(Against All Defendants)

60. The foregoing allegations are incorporated as if re-alleged herein.

61. California Civil Code Section 52.1 (the Bane Act) prohibits any person from interfering with another person's exercise or enjoyment of his or her constitutional rights by violence, threats, intimidation, or coercion.

62. The acts of Does 1-10, as described above, interfered with the civil rights of Plaintiff, which are protected by both the California Constitution and the United States Constitution, including without limitation Plaintiff's rights to freedom from unreasonable searches and seizures and from racial discrimination.

63. Does 1-10 successfully interfered with the above civil rights of Plaintiff.

64. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of the Plaintiff's rights, entitling Plaintiff to punitive damages.

65. As a result of the conduct of the Does 1-10, Plaintiff was harmed.

66. Defendant City of Los Angeles is vicariously liable for the wrongful acts of the individual pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

67. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and requests entry of judgment in his favor and against all defendants as follows:

A. General and compensatory damages in an amount according to proof;

B. Special damages in an amount according to proof;

C. Exemplary and punitive damages against Does 1-10, in an amount according to proof;

D. Costs of suit;

E. Attorney fees under 42 U.S.C. § 1988; and

F. Such other relief as may be warranted or as is just and proper.

DATED: December 30, 2021        LAW OFFICE OF THOMAS C. SEABAUGH

By    *s/ Thomas C. Seabaugh*
Thomas C. Seabaugh
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: December 30, 2021        LAW OFFICE OF THOMAS C. SEABAUGH

By_____*s/ Thomas C. Seabaugh*_____
Thomas C. Seabaugh
Attorney for Plaintiff