1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAUTHEN LEWIS,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF LOS ANGELES, et al.,<br><br><br><br>            Defendants. | **CASE NO. CV21-10014-DMG-MAAx**<br>*Hon. Dolly M. Gee – Ctrm. 8C, 8th Fl. (First St.)*<br>*Hon. Mag. Maria A. Audero – Ctrm. 690, 6th Fl. (Roybal)*<br><br>[PROPOSED] PROTECTIVE ORDER |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further

1

1  acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does

2  not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth

3  the procedures that must be followed and the standards that will be applied when a party

4  seeks permission from the court to file material under seal.

5

6  2. GOOD CAUSE STATEMENT

7  This action is likely to involve confidential information. Plaintiff is seeking

8  information that Defendant City of Los Angeles maintains as confidential, such as

9  personnel files of the police officers involved in this incident, internal affairs materials

10  and information, and other administrative material currently in the possession of the City.

11  Plaintiff is also seeking official information contained in the personnel files of the

12  involved police officers, which the City maintains as strictly confidential. The City

13  believes these documents need special protection from public disclosure and from use

14  for any purpose other than prosecuting this litigation. These materials have not been

15  publically released.

16  The City asserts that the confidentiality of the materials and information sought

17  by Plaintiff is recognized by California and federal law, as evidenced by Cal. Pen. Code

18  Sec. 832.7 and *Kerr v. United States Dist. Ct. for N.D. Cal.,* 511 F.2d 192, 198 (9th Cir.

19  1975), aff'd 426 U.S. 394 (1976). Unfettered disclosure of the confidential information

20  contained in these files, absent a protective order, would allow the media to share this

21  information with potential jurors in the area, impacting the rights of the City to receive a

22  fair trial.

23  Accordingly, to expedite the flow of information, to facilitate the prompt

24  resolution of disputes over confidentiality of discovery materials, to adequately protect

25  information the parties are entitled to keep confidential, to ensure that the parties are

26  permitted reasonable necessary uses of such material in preparation for and in the conduct

27  of trial, to address their handling at the end of the litigation, and serve the ends of justice,

28  a protective order for such information is justified in this matter. It is the intent of the

parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case

3.        DEFINITIONS

3.1 Action: this pending federal lawsuit.

3.2 Challenging Party: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5 Designating Party: Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8 In-House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9 Nonparty: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

1    3.10 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party

2    to this Action but are retained to represent or advise a party to this Action and have

3    appeared in this Action on behalf of that party or are affiliated with a law firm which has

4    appeared on behalf of that party, and includes support staff.

5    3.11 <u>Party</u>: Any party to this Action, including all of its officers, directors,

6    employees, consultants, retained experts, In-House Counsel, and Outside Counsel of

7    Record (and their support staffs).

8    3.12 <u>Producing Party</u>: A Party or Nonparty that produces Disclosure or

9    Discovery Material in this Action.

10   3.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support

11   services (e.g., photocopying, videotaping, translating, preparing exhibits or

12   demonstrations, and organizing, storing, or retrieving data in any form or medium) and

13   their employees and subcontractors.

14   3.14 <u>Protected Material</u>: Any Disclosure or Discovery Material that is

15   designated as "CONFIDENTIAL."

16   3.15 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material

17   from a Producing Party.

18   4.      <u>SCOPE</u>

19   The protections conferred by this Stipulation and Order cover not only

20   Protected Material, but also (1) any information copied or extracted from Protected

21   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and

22   (3) any testimony, conversations, or presentations by Parties or their Counsel that might

23   reveal Protected Material.

24   Any use of Protected Material at trial shall be governed by the orders of the trial

25   judge. This Stipulated Protective Order does not govern the use of Protected Material at

26   trial.

27   / / /

28   / / /

4

5.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law

6.      DESIGNATING PROTECTED MATERIAL

6.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2     Manner and Timing of Designations.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

1    Material that qualifies for protection under this Order must be clearly so designated
2    before the material is disclosed or produced.

3            Designation in conformity with this Stipulated Protective Order requires the
4    following:

5            (a)    for information in documentary form (e.g., paper or electronic
6    documents, but excluding transcripts of depositions or other pretrial or trial proceedings),
7    that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter
8    "CONFIDENTIAL legend"), to each page that contains protected material. If only a
9    portion or portions of the material on a page qualifies for protection, the Producing Party
10   also must clearly identify the protected portion(s) (e.g., by making appropriate markings
11   in the margins).

12           A Party or Non-Party that makes original documents available for inspection
13   need not designate them for protection until after the inspecting Party has indicated which
14   documents it would like copied and produced. During the inspection and before the
15   designation, all of the material made available for inspection shall be deemed
16   "CONFIDENTIAL." After the inspecting Party has identified the documents it wants
17   copied and produced, the Producing Party must determine which documents, or portions
18   thereof, qualify for protection under this Order. Then, before producing the specified
19   documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page
20   that contains Protected Material. If only a portion or portions of the material on a page
21   qualifies for protection, the Producing Party also must clearly identify the protected
22   portion(s) (e.g., by making appropriate markings in the margins).

23           (b) for testimony given in depositions that the Designating Party identify the
24   Disclosure or Discovery Material on the record, before the close of the deposition all
25   protected testimony.

26           (c) For information produced in nondocumentary, and for any other tangible
27   items, that the Producing Party affix in a prominent place on the exterior of the container
28   or containers in which the information is stored the legend "CONFIDENTIAL." If only

a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

       6.3 <u>Inadvertent Failures to Designate</u>.

       If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

7.       <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

       7.1 <u>Timing of Challenges</u>.

       Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

       7.2 <u>Meet and Confer</u>.

       The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

       7.3 <u>Burden of Persuasion.</u>

       The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

/ / /

/ / /

_____

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero

8.        ACCESS TO AND USE OF PROTECTED MATERIAL

      8.1    Basic Principles.

      A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

      8.2    Disclosure of "CONFIDENTIAL" Information or Items.

      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d) the Court and its personnel;

      (e) Court reporters and their staff;

      (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9.        PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action

9

as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.   A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1. Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2. Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b) Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Make the information requested available for inspection by the Nonparty, if requested.

10

10.3. <u>Conditions of Production</u>.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.      <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

12.      <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

13.    MISCELLANEOUS

13.1 Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material.

Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

14.    FINAL DISPOSITION

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or

any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

15.     <u>VIOLATION</u>

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November 28, 2022          LAW OFFICE OF THOMAS C. SEABAUGH

__/S/_ *Thomas C. Seabaugh*_____

Thomas C. Seabaugh

Attorney for Plaintiff


Dated: November 28, 2022          LOS ANGELES CITY ATTORNEY'S OFFICE

By:___/S/_ *Dordaneh Ghaemi*_____

Dordaneh Ghaemi, Deputy City Attorney
*Attorney for Defendant* **CITY OF LOS ANGELES**


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: __December 14, 2022__          _____

Hon. Maria A. Audero
United States Magistrate Judge

13

1

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

2

3

4 I, _____ [print or type full name], of _____

5 [print or type full address], declare under penalty of perjury that I have read in its entirety

6 and understand the Stipulated Protective Order that was issued by the United States

7 District Court for the Central District of California on [date] in the case of _____

8 *Cauthen Lewis vs. City of Los Angeles, et al,* Case No. CV21-10014-DMG-MAAx. I

9 agree to comply with and to be bound by all the terms of this Stipulated Protective Order

10 and I understand and acknowledge that failure to so comply could expose me to sanctions

11 and punishment in the nature of contempt. I solemnly promise that I will not disclose in

12 any manner any information or item that is subject to this Stipulated Protective Order to

13 any person or entity except in strict compliance with the provisions of this Order.

14 I further agree to submit to the jurisdiction of the United States District Court for the

15 Central District of California for the purpose of enforcing the terms of this Stipulated

16 Protective Order, even if such enforcement proceedings occur after termination of this

17 action. I hereby appoint _____ [print or type full name] of

18 _____ [print or type full address and

19 telephone number] as my California agent for service of process in connection with this

20 action or any proceedings related to enforcement of this Stipulated Protective Order.

21 Signature: _____

22 Printed Name: _____

23 Date: _____

24 City and State Where Sworn and Signed: _____

25

26

27

28

14
